JEAN A. CROTTY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Crotty
Docket No. 328-91
United States Tax Court
T.C. Memo 1992-330; 1992 Tax Ct. Memo LEXIS 343; 63 T.C.M. (CCH) 3121; June 8, 1992, Filed *343 Decision will be entered for respondent on all issues other than the addition to tax under section 6651(a)(1). Jean A. Crotty, pro se. Mark J. Miller, for respondent. RUWE
RUWE
MEMORANDUM OPINION RUWE, Judge: Respondent determined deficiencies and an addition to tax in petitioner's Federal income taxes as follows: Addition to Tax
Tax Year Ended
Deficiency
Sec. 6651(a)(1) [1]
December 31, 1986
$ 590
$ 127
December 31, 1987
448
-- December 31, 1988
823
-- Background
Petitioner was a resident of New Berlin, Wisconsin, at the time she filed her petition in this case. On October 3, 1990, respondent issued a notice of deficiency to petitioner which set forth the deficiencies and addition to tax involved in this case. The deficiencies determined in the notice of deficiency were solely *344 attributable to respondent's disallowance of an alleged capital loss in 1984 which petitioner carried over to 1986, 1987, and 1988. The disallowed capital loss resulted from an alleged nonbusiness bad debt which we previously decided was not deductible in (hereinafter Crotty I). Respondent also determined that petitioner was liable for an addition to tax under section 6651(a)(1) for the taxable year 1986 in the amount of $ 127. On October 28, 1991, respondent filed a motion for partial summary judgment on the grounds that our decision in Crotty I collaterally estopped petitioner from denying that she was not entitled to the alleged capital loss carryovers from 1984 to 1986, 1987, and 1988. The motion for summary judgment covered all issues in this case except the addition to tax under section 6651(a)(1). On February 3, 1992, we held a hearing on respondent's motion for partial summary judgment and rendered oral findings of fact and opinion in respondent's favor. On February 14, 1992, we issued an order granting said motion. The only remaining issue for decision is whether respondent properly determined an addition *345 to tax under section 6651(a)(1) for taxable year 1986. Respondent now concedes this issue and moves this Court for entry of a decision in respondent's favor on all other issues. Petitioner opposes this motion. Discussion
It is within this Court's discretion to accept or reject a concession, and we accept or reject a concession by a party when the interests of justice are served. ; . Petitioner opposes respondent's concession and seeks to keep this case open in the apparent hope that we will reconsider issues which have been decided already. We decline to do this. We granted respondent's motion for partial summary judgment on the grounds of collateral estoppel. Petitioner in this case is the same person who petitioned this Court in Crotty I, and the principal issue in this case was, in substance, the same as the issue in Crotty I. The controlling facts and legal principles have not changed since Crotty I, and petitioner has not presented special circumstances which warrant an exception to the normal rule of preclusion. . *346 We are unaware of any reason for refusing to accept respondent's concession; and, indeed, as this concession disposes of the only remaining issue and we are able to enter a final decision in this matter, we believe that accepting it affirmatively promotes the interests of justice in this instance. Accordingly, respondent's concession is accepted, and Decision will be entered for respondent on all issues other than the addition to tax under section 6651(a)(1). Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the taxable year 1986, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩